

Oct 05 2020, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan D. Bower
New Albany, Indiana

ATTORNEY FOR APPELLEE

Alice Bartanen Blevins
Salem, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

W.M.,

*Appellant-Petitioner,*

v.

H.T.,

*Appellee-Respondent.*

October 5, 2020

Court of Appeals Case No.
20A-AD-403

Appeal from the Washington
Circuit Court

The Honorable Larry Medlock,
Judge

Trial Court Cause No.
88C01-1903-AD-7, 88C01-1903-
AD-8, & 88C01-1903-AD-9

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, W.M. (Father), the biological father of J.K.N.M., Z.L.L.M., and M.J.R.M. (collectively, Children), appeals the trial court's Orders, granting the petition for adoption of the Children by H.T. (Adoptive Mother).

We remand.

# ISSUE

Father raises one issue on appeal, which we restate as the following: Whether the trial court abused its discretion in granting Adoptive Mother's petition for adoption.

# FACTS AND PROCEDURAL HISTORY

Daughters, J.K.N.M. (born on September 18, 2003), Z.L.L.M. (born on November 15, 2004), and M.J.R.M. (born on January 29, 2007), were all born out of wedlock to Father and L.T. (Mother). Father's paternity was established at birth when Father signed the paternity affidavit. In 2011, Father and Mother separated. Mother thereafter began a relationship with Adoptive Mother and the two resided together for a period of two years. On June 27, 2014, Mother married Adoptive Mother.

In August 2017, Father was sentenced to serve a ten-year sentence for his conviction for Level 2 felony dealing in methamphetamine, and his projected

release date is 2023 when the Children will be 19, 18, and 16 years of age respectively.

[6] On March 25, 2019, with Mother's consent, Adoptive Mother petitioned the trial court to adopt the Children. Father filed his objection on April 18, 2019, and on December 5, 2019, a hearing was conducted. Father testified that the last time he had any contact with his daughters was in 2015. At the close of the hearing, the trial court ordered a guardian *ad litem* report which was submitted on January 15, 2020.

[7] In the report, Guardian *Ad Litem* Diane Haag (GAL Haag) stated that the Children reported that they loved and were close to Adoptive Mother and wanted to be adopted. Paternal grandmother stated that she did not agree with Mother's and Adoptive Mother's sexuality, did not understand why the girls had to be adopted, and that the girls were well bonded with Father. Paternal grandmother also claimed that the Children were being mentally and emotionally abused by Adoptive Mother. Paternal grandfather likewise stated that he did not agree with the adoption. He claimed that Adoptive Mother was a violent person and he believed that the Children were being threatened or coerced by Adoptive Mother to say that they wanted to be adopted. Maternal grandmother equally stated that she did not agree with the adoption or Mother's sexuality, and she believed that Adoptive Mother regularly beat the Children with a belt. Mother stated that Father had been in and out of prison for most of his daughters' lives and that the girls did not want to visit Father when he was in jail. Mother also claimed that she prevented her daughters

from being around their paternal grandparents due to them coming back with head lice and bed bugs, and that she also did not want them to be around the drugs she believed Father was involved in when he was not in prison.

[8] As to the claims of abuse by Adoptive Mother, the Children confessed to GAL Haag that they had lied about the abuse only to make their grandparents happy. GAL Haag also determined that much of the opposition to the adoption from the grandparents and Father stemmed from their dislike for Mother's and Adoptive Mother's sexuality and their fear that they would lose the ability to see the Children. GAL Haag then noted that Father had not been involved in his daughters' lives. Ultimately, GAL Haag recommended the adoption. On January 19, 2020, the trial court entered separate Orders of adoption in favor of Adoptive Mother after finding that she was fit to raise the Children, and that it was in the Children's best interest to be adopted.

[9] Father now appeals. Additional information will be provided as necessary.

# DISCUSSION AND DECISION

[10] Father contends that the trial court erred in granting Adoptive Mother's petition to adopt the Children. He argues that he did not give his consent to the adoptions and that they should be set aside.

[11] As a reviewing court, we will not disturb the trial court's decision in an adoption proceeding unless the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *In re Infant Girl W.*, 845 N.E.2d 229, 238 (Ind. Ct. App. 2006), *trans. denied*. We will neither reweigh the

evidence nor reassess the credibility of witnesses, and we will examine only the evidence most favorable to the trial court's decision. *Id.* On appeal, we will not reweigh the evidence, instead focusing on the evidence and inferences most favorable to the trial court's decision. *J.H. v. J.L. & C.L.*, 973 N.E.2d 1216, 1222 (Ind. Ct. App. 2012). We generally give considerable deference to a trial court's rulings in family law matters, "as we recognize that the trial judge is in the best position to judge the facts, determine witness credibility, get a feel for family dynamics, and get a sense of the parents and their relationship with their children." *Id.*

[12] The granting of a petition for adoption is a multi-step process. Indiana Code section 31-19-11-1(a) lists the prerequisites to granting a petition, including that "the adoption requested is in the best interest of the child" and "proper consent, if consent is necessary, has been given." If the requirements listed in the statute are met, "the court shall grant the petition for adoption and enter an adoption decree." Ind. Code § 31-19-11-1(a).

[13] Generally, the first step in the process is determining whether the biological parent's consent to the adoption is required. Indiana Code section 31-19-9-8 addresses when consent is not required and provides, in relevant part:

> (a) Consent to adoption, which may be required under Section 1 of this chapter, is not required from any of the following:
>
> * * *

(2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

(A) fails without justifiable cause to communicate significantly with the child when able to do so; or

(B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

* * *

(11) A parent if:

(A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

(B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

[14] The record shows that the last time Father communicated with the Children was in 2015. Adoptive Mother filed her petition to adopt the Children in 2019. Though the record contains evidence demonstrating that Father failed to communicate with the Children for more than a year which could support a conclusion that Father's consent was not required, the adoption Orders in this case fail to explicitly reference that pertinent fact and only denotes the fact that Adoptive Mother is a fit parent and that it would be in the Children's best interest to be adopted.

Even assuming that the trial court's discussion that Adoptive Mother was a fit parent was the trial court's way of presumably referencing Indiana Code section 31-19-9-8(a)(11), which provides another path for dispensing with consent, the trial court failed to make the specific findings required by that provision, namely, that (1) Father is unfit to be a parent and (2) "the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent." Because the adoption Orders failed to specify under which of the multiple exceptions provided by Indiana Code section 31-19-9-8(a) the trial court was dispensing with Father's consent to the adoption, we remand this case with instructions for the trial court to enter such a specific findings.

## CONCLUSION

Because the trial court failed to make any findings that would support dispensing with Father's consent, we remand and retain jurisdiction to the trial court for further findings as required by statute. The judgment of the trial court shall be filed with this court within 30 days from the issuance of this opinion.

Remanded.

May, J. and Altice, J. concur